IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Douglas Armstrong, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Chesapeake Energy Corporation,<br><br>Defendant. | Civil Action No. CIV-22-225-G<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Douglas Armstrong ("Armstrong" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Chesapeake Energy Corporation ("Chesapeake" or "Defendant"), respectfully showing as follows:

### I.   SUMMARY

1. Plaintiff worked for Chesapeake from approximately September 11, 2010 to July 1, 2021 as a drilling superintendent performing job duties including supervising over two oil rigs and its perspective operators.

2. Plaintiff was misclassified as an independent contractor by Defendant. Plaintiff was paid on a day rate basis. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed about 24 hours for 14 days straight for two-week period, alternating off and on. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

### II.   NATURE OF ACTION

3. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking

damages for Chesapeake's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant paid on a day rate basis.

4. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former workers of Defendant who were misclassified as independent contractors and were paid on a day rate basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

5. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

### III.   THE PARTIES

**A.   Plaintiff Douglas Armstrong**

6. Plaintiff is an individual residing in Bear Lake County, Idaho. Plaintiff has standing to file this lawsuit.

7. Although Plaintiff was labeled as a so-called independent contractor by Chesapeake, the economic reality is that, at all times relevant, he was an "employee" of Chesapeake as that term is defined by the FLSA. 29 U.S.C. § 203 (e)(1). *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008).

8. Plaintiff began working for Defendant on or about September 11, 2010. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about July 1, 2021.

9. At all times, Plaintiff earned a day rate of approximately $1,900 per day in connection with work for Defendant.

10. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

B. **Collective Action Members**

11. The putative Collective Action Members are all current or former workers of Defendant who were misclassified as independent contractors and were paid on a day rate basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward. Because Defendant did not pay all overtime premium compensation due to its employees paid on a day rate basis who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

12. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

C. **Defendant Chesapeake Energy, Corporation**

13. Defendant is a corporation organized under the laws of the State of Oklahoma.

14. Defendant's principal place of business, as listed with the Oklahoma Secretary of State is 6100 North Western Avenue Oklahoma City, Oklahoma 73118.

15. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

16. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

17. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials

that have been moved in or produced for commerce by any person.

18. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: transportation of goods within the state, communications using phones with other employees and representatives.

19. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include fuel, tools, vehicles, and supplies/materials used in connection with oilfield operation.

20. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

21. Defendant may be served with summons through its registered agent: The Corporation Company, 1833 South Morgan Road, Oklahoma City, Oklahoma, 73128.

## IV.   JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

23. The United States District Court for the Western District of Oklahoma has personal jurisdiction over Defendant because Defendant does business in Oklahoma, and because many of the acts complained of and giving rise to the claims alleged occurred in Oklahoma.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

## V.     FACTUAL BACKGROUND

25.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26.     Plaintiff was employed by Defendant as a drilling superintendent in connection with its oil and/or natural gas production operations. Plaintiff's primary job duties involved supervising oil production and their perspective operators.

27.     At all times material to this lawsuit Plaintiff was treated as an independent contractor by Defendant. At all material times Plaintiff was paid a day rate of approximately $1,900 per day. Defendant did not pay Plaintiff a salary or on a "fee basis" as those phrases relate to the FLSA.

28.     Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed 24 hours for 14 days straight for a two-week period, alternating off and on. However, Defendant did not pay Plaintiff time and one-half of the regular rate of pay for all hours worked over 40 during each and every workweek..

29.     During times relevant, Defendant employs/employed numerous other workers in connection with its business involving oil/natural gas production operations who are/were similarly situated to Plaintiff. Those workers are/were also paid on a day rate basis, are/were not paid on a salary or fee basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

30.     Plaintiff and the putative collection action members did not exercise sufficient, if any, control over a meaningful part of the business so as to respectively be separate economic entities from Chesapeake. Plaintiff and other misclassified independent contractors were simply a

party of Chesapeake's workforce performing job duties that were an integral part of Chesapeake's business operations.

## VI.     FLSA CLAIMS FOR OVERTIME PAY

31. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

32. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

33. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

34. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

35. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

36. Plaintiff and putative Collective Action Members are/were paid on a day rate basis by Defendant.

37. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

38. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over forty in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

39. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

40. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

41. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

42. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

43. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

44. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

### VII.   **COLLECTIVE ACTION CLAIMS**

45. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

46. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

47. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and

on behalf of a collective preliminarily defined as:

> **All current and former workers of Defendant who were misclassified as independent contractors and were paid on a day rate basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward**

48. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

49. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

50. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

51. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

52. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

53. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII.  JURY DEMAND

54. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which Plaintiff has right to jury trial.

## IX. DAMAGES AND PRAYER

55. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back wages;

   c. Liquidated damages in an amount equal to FLSA-mandated back wages;

   d. Attorney's fees;

   e. Costs;

   f. Post-judgment interest;

   g. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated: March 18, 2022

Respectfully submitted,

By:    */s/ Ricardo J. Prieto*
Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS